PER CURIAM.
This matter is before us upon the referee’s report recommending that respondent Jack Bariton receive a public reprimand. We have jurisdiction.*
Respondent, a member of The Florida Bar, filed a grievance against another member of the Bar, Mark Perlman. Included with his complaint was a copy of a letter to the accused attorney. It was later revealed that respondent’s attachment to his grievance was not a true and accurate copy of the letter actually sent to Perlman. Respondent explained that when the original letter was sent to Perlman, he had no office equipment or computer. He had only a few files and no place to store them. A copy of the original was never made and the letter attached to respondent’s Bar complaint was a reconstruction from respondent’s notes.
Both parties agree that the difference in the letters was not material. Nonetheless, the Bar filed a grievance. The Bar argues:
*335 Irrespective of whether the changes were material or if the Respondent, by making these changes, intended to mislead the Bar by the same, the Bar was in fact mislead [sic] that the version of the letter submitted was in fact a true and correct copy of the letter in question.
The referee found that “the aforementioned omission was not material to the Respondent’s complaint to The Florida Bar.” Nevertheless, the referee concluded that respondent violated the following: rules 3-4.2 (violation of the Rules of Professional Conduct is cause for discipline); 3-4.3 (commission by a lawyer of any act contrary to honesty and justice is cause for discipline); 4-8.4(a) (a lawyer shall not violate the Rules of Professional Conduct); and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), of the Rules Regulating The Florida Bar.
We find the evidence insufficient to support the referee’s conclusion. Respondent never represented that the two letters were verbatim copies, since the letters were on two different pieces of stationery and respondent never testified in front of the Grievance Committee. Moreover, all parties agree that language omitted from the original letter was totally irrelevant to any issue. In fact, if the missing language had been left in the letter, it would have served to strengthen respondent’s case against the lawyer. We find insufficient evidence to support a conclusion that respondent violated the Rules Regulating The Florida Bar, and we dismiss the complaint against respondent.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.

 Art. V, § 15, Fla. Const.